FOURTH DIVISION
March 17, 2016

2016 IL App (1st) 150414

No. 1-15-0414

| | | |
|---|---|---|
| MIGUEL KLESOWITCH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No.    10 L 7190 |
| | ) | |
| CHIQUITA SMITH, | ) | Honorable |
| | ) | Irwin J. Solganick, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices Ellis and Cobbs concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, Miguel Klesowitch, filed a complaint against defendant, Chiquita Smith, to recover damages for injuries he allegedly suffered as a result of defendant's negligence.  The trial court granted summary judgment in favor of plaintiff on the issue of defendant's negligence only, leaving consideration of whether any of plaintiff's conduct was a proximate cause of his injuries and the amount of damages for trial.  The parties engaged in discovery.  Plaintiff supplemented his discovery responses on the eve of trial.  At trial before a jury, the court admitted certain medical bills into evidence.  Portions of those bills had been written off by the medical providers.  The jury returned a verdict in favor of plaintiff for the full amount of the medical bills admitted into evidence.

¶ 2     For the following reasons, we affirm in part, reverse in part, and remand with instructions.

¶ 3                          BACKGROUND

¶ 4    Plaintiff's complaint alleged that on June 24, 2008, defendant negligently drove her vehicle into the vehicle plaintiff was driving.  Defendant drove her vehicle into an intersection

without stopping at a stop sign and into the left side of plaintiff's vehicle. Defendant admitted not stopping because she did not see the stop sign. The complaint alleged plaintiff was injured physically, by expending large sums of money for medical expenses to be cured of said physical injuries, and by the loss of money from being unable to pursue his usual occupation. Defendant filed an answer and affirmative defenses alleging that plaintiff was guilty of contributory negligence.

¶ 5　　In September 2011 plaintiff served defendant with plaintiff's answers to interrogatories and answers to requests to produce. Only one interrogatory is pertinent in this appeal. Defendant asked plaintiff to state the amount of his medical bills incurred as a result of his personal injuries. Plaintiff responded with a list of medical providers and attached a "medical specials list." The attached list contained the names of plaintiff's medical providers and the total amount of their medical bills. The amount listed for three medical providers was listed as "unknown." The total listed on the medical specials list was for the total of the known amounts.

¶ 6　　In July 2014 plaintiff filed a motion for summary judgment "on the issue of liability only." Plaintiff's motion asserted that at defendant's deposition, she "set forth testimony indicating that she was clearly at fault for the accident." Plaintiff quoted portions of defendant's deposition testimony in which she stated she did not stop at the stop sign, did not see the stop sign, did not slow down prior to impact (at approximately 30 miles per hour), and did not see plaintiff's vehicle. Defendant also testified that she did not think there was anything plaintiff should have done to avoid the accident. Plaintiff argued that "the issue of liability is ripe for summary judgment."

¶ 7　　In August 2014 defendant filed a response to plaintiff's motion for summary judgment. Defendant's response asserted that during plaintiff's deposition, he "set forth testimony under oath that he was at least partially at fault for causing the accident." Defendant quoted portions of

plaintiff's deposition testimony in which he stated the speed limit where he was travelling was 30 miles per hour and his vehicle was travelling between 30 and 35 miles per hour at the time of the accident, he never saw the other car at any time prior to the collision, he did not slow down before entering the intersection, and he did not look to see if there was oncoming traffic in the intersection. Defendant argued summary judgment should be denied because of issues of material fact regarding liability. Defendant argued plaintiff's admitted actions "give rise to a clear question of fact regarding the fault for this collision" and that, as questions of material fact exist as to whether defendant "is completely and totally liable for the motor vehicle accident," summary judgment should be denied.

¶ 8     Plaintiff filed a reply in which he noted that both plaintiff and defendant testified that plaintiff's vehicle was in the intersection when they impacted. Defendant testified their two cars impacted in the middle of the street intersecting her direction of travel and plaintiff testified his vehicle was completely in the intersection when the collision occurred. Plaintiff argued the sole proximate cause of the occurrence was that defendant failed to stop at the stop sign.

¶ 9     In September 2014 the trial court entered a written order on plaintiff's motion for summary judgment. The order reads, in part, as follows: "parties being present and the matter having been fully briefed it is so ordered that plaintiff's motion is granted as to negligence but is reserved/remains pending as to proximate cause and damages." Later that month defendant filed a motion *in limine* and plaintiff filed three motions *in limine*.

¶ 10     Plaintiff's first motion *in limine* sought, in part, to bar all evidence that his hospital bills were paid for by the federal government or that his medical bills or expenses were paid or may be paid in the future by insurance or any collateral source. Plaintiff's second motion *in limine* sought to bar any evidence of any prior or subsequent injuries to plaintiff or prior or subsequent conditions of any parts of plaintiff's body other than plaintiff's left knee, including but not

limited to plaintiff's right knee and hip. Defendant's expert testified in an evidence deposition, over objection, that plaintiff had a total right hip replacement and total right knee replacement in 1998. Plaintiff argued no evidence linked those prior conditions to the injuries plaintiff allegedly sustained as a result of the accident in 2008.

¶ 11     Plaintiff's third motion *in limine* sought to bar any evidence that referred to defendant being unable to avoid the accident, or to plaintiff failing to avoid the accident, or the accident being unavoidable. Plaintiff argued any such evidence would be irrelevant because the issue of liability had already been adjudicated on the merits when the trial court granted plaintiff's motion for summary judgment. As a result, plaintiff argued, the "negligence of either party is not at issue. The only matters at issue are causation and damages."

¶ 12     The trial court granted plaintiff's first motion *in limine* as to collateral source payments; granted plaintiff's second motion *in limine* as to prior injuries; and denied plaintiff's third motion *in limine* as to evidence of plaintiff's role in the accident. The trial court ruled that if the summary judgment ruling (which had been entered by a different judge) "only went to the negligence of the defendant, then contributory negligence can be raised before the trier of fact to ascertain any percentage of fault of the plaintiff."

¶ 13     Defendant's motion *in limine* sought, in pertinent part, to bar all evidence as to (1) medical bills which had not been disclosed, and (2) medical bills without competent medical evidence as to the reasonableness and necessity of said bills. Defendant's memorandum of law in support of her motion *in limine* argued that if plaintiff intends to claim the full amount of bills in excess of what his health insurance actually paid, "there must also be a foundation concerning the usual and customary amount." Defendant requested an order barring plaintiff from claiming a bill above what was actually paid absent competent testimony as to the usual and customary amount to establish reasonableness.

¶ 14    Regarding defendant's motion concerning bills without evidence of reasonableness, defendant's attorney asserted that the bills he received from plaintiff's counsel do not reflect "any specific payment," that plaintiff testified that the bills were paid through health insurance, and that health insurance does not always pay 100% of bills it receives.  Defense counsel argued the motion was asking to know how much insurance paid, and that any amount on a bill that insurance did not pay—in other words the difference between what was billed and what insurance paid—be supported by competent testimony that the unpaid amount or total bill was reasonable, customary, and necessary.  Defendant's attorney asserted the bills he received did not show zero balances "or any payments that have been made through insurance."  Plaintiff's counsel noted that plaintiff testified the bills were paid.  The trial court ruled as follows:

> "THE COURT: If the evidence is that the bills are paid and there are no outstanding balances, that's *prima facie* evidence that the services that were provided were fair and reasonable and that the amounts that were billed are fair and reasonable.  It's a rebuttable inference, but there's an inference to that.

> If there are bills that are outstanding that have not been paid and the plaintiff is seeking to be compensated for that, then you need a medical care provider to testify to lay a foundation for them, that the services were provided, the amounts are fair and reasonable in the community, and they expect to be paid.

> With regard to medical care, insurance—insurers negotiating something less with the medical care provider, I allow for the full amount of the bill that has been paid.

> And then again, the trier of fact will ascertain whether or not all of the services that the plaintiff is claiming, the left knee replacement, and the defense is saying that it was not precipitated or caused by this accident, then it will be for the

trier of fact to determine if it was or if it wasn't; and if they find that it was not, then they can make whatever reductions they want to in the bills.

But the motion is denied with regard to paid bills. You know, with regard to unpaid bill [*sic*], again, the motion would be granted in that a proper foundation will need to be laid for unpaid bills."

¶ 15 Plaintiff's counsel indicated he would provide defendant with copies of bills that show they are zeroed out. The record contains a printout of an e-mail dated September 25, 2014 from plaintiff's counsel to defense counsel purporting to have attached a copy of the unredacted billing records. The e-mail described bills that had been paid by insurance, bills that were written off by the hospital because the hospital committed a billing error, and states that all other bills had been paid by Medicare and plaintiff's supplemental insurance plan. Trial began on September 26, 2014.

¶ 16 At trial, outside the presence of the jury and before any witness testimony, plaintiff's counsel indicated to the court that the day before, he e-mailed defendant's attorney "all the copies of all the paid medical bills." Plaintiff's counsel expressed his understanding that the court had ruled that it would allow the entire amounts of the bills into the jury's deliberations. Defendant's attorney disputed the assertion that all the bills were paid. Defense counsel said the bills indicated payments Medicare made—and counsel had no objection to those amounts being sent to the jury—but adjustments had been made to the bills and, he argued, the "balances clearly are not paid." Defense counsel argued that plaintiff's e-mail indicated that there were bills that were written off by the medical providers. Defense counsel continued: "They are referenced as adjustments on the bill; that's not evidence of payment of the bill, so in the absence of evidence of payment, they would need to have testimony with respect to those remaining balances to meet the foundational requirements."

¶ 17 The trial court ruled that the total amounts of the bills will go back to the jury. Defendant's attorney further argued that because the bills "are not owed to anyone" because the medical provider has no expectation of receiving payment, then "plaintiff does not owe them, so they cannot claim them." Defense counsel argued that if the jury were to award the full amount of the bills that would require a remittitur after trial "because there is no one that owes those medical bills, and the plaintiff is not legally responsible to pay them." The court again stated that the total amounts of the bills will be admitted. The court indicated that if anything would require the court to reduce any bills posttrial, it would be addressed with a posttrial motion. The following question and answer occurred:

> "MR. HEFFERNAN [Defendant's attorney]: Just so I'm clear for the record, the amounts of the bills, even the unpaid amounts, you are going to allow in?

> THE COURT: Yes, same as any others where insurance companies reach agreements with medical care providers and they may pay something less, I don't know, but that will be allowed."

¶ 18 Plaintiff testified that the total amount of the medical bills—$83,788.34—was paid and the trial court admitted the bills into evidence and the trial continued. Also pertinent to this appeal, the trial court instructed the jury, in part, as follows: "If you find for [plaintiff] and against [defendant] and if you further find that [plaintiff's] injury was proximately caused by a combination of [defendant's] negligence and [plaintiff's] contributory negligence and that [plaintiff's] contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B." Verdict Form B invited the jury to assign plaintiff a percentage of the total combined negligence of all persons whose negligence proximately contributed to plaintiff's injuries. A separate instruction informed

the jurors that "if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant."

¶ 19    The jury awarded plaintiff $83,788.84 as the reasonable expense of necessary medical care, treatment, and services.

¶ 20    Defendant filed a posttrial motion for remittitur and a new trial.  Defendant's posttrial motion argued that the bills admitted into evidence "indicated partial payments made by third parties such as Medicare, but also indicated unpaid balances that were eventually written off or adjusted to a zero balance by the medical providers."  Defendant argued the unpaid balances represented portions of the charges that were not paid by any third-party collateral source on the plaintiff's behalf; instead, they were unpaid or outstanding balances that were simply written off or abandoned by the medial provider.  Defendant sought to reduce the amount of plaintiff's verdict to only the amounts paid by third-party collateral sources.

¶ 21    Defendant also argued plaintiff was permitted to introduce evidence of roughly $10,000 worth of physical therapy bills, the amounts of which had never been disclosed prior to trial. Defendant argued plaintiff's interrogatory answers state the amount of postsurgery physical therapy bills as unknown, and plaintiff's discovery response was never supplemented. Defendant also argued the trial court improperly granted summary judgment in favor of plaintiff on the issue of defendant's negligence because doing so tainted the jury making it unlikely the jury would find plaintiff culpable to any degree.

¶ 22    The trial court denied defendant's posttrial motion.

¶ 23    This appeal followed.

¶ 24                                ANALYSIS

¶ 25                          A. Summary Judgment

¶ 26    Defendant argues the trial court erred in granting summary judgment in favor of plaintiff on the issue of her negligence because a genuine issue of material fact remained as to whether plaintiff's negligence contributed to the accident. Defendant also implies the order granting summary judgment as to negligence alone—not liability—is a violation of section 2-1005(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005(c) (West 2012)). Defendant admits plaintiff's contributory negligence was not ruled on in the summary judgment order, but she argues that the summary judgment as to her negligence prejudiced her at trial "by tainting the jury's perspective as to the relative degree of fault between the parties." Plaintiff responds defendant waived the issue by failing to include a transcript of the summary judgment hearing and, regardless, defendant "was given great latitude at trial to argue that Plaintiff was also negligent" and "was successful in having the jury instructed on contributory fault." In reply, defendant asserts the jury instruction regarding comparative fault does not cure the trial court's error in misapprehending the summary judgment statute. "Our review of the circuit court's order granting summary judgment is *de novo*." *Travelers Personal Insurance Co. v. Edwards*, 2016 IL App (1st) 141595, ¶ 20.

¶ 27    Defendant has failed to cite to any portions of the record demonstrating how she was prejudiced at trial. This failure provides sufficient reason to reject plaintiff's argument she was prejudiced by the trial court's order. Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) requires that the party's appellate arguments contain citations to the pages of the record on which the party relied, and the failure to provide relevant citations to the record is a violation of Rule 341(h)(7) which results in waiver. *Gomez v. The Finishing Co.*, 369 Ill. App. 3d 711, 723 (2006). Defendant's argument the trial court's summary judgment order erroneously prejudiced her at trial is waived. Even if this court were to address the issue, defendant's argument would fail.

¶ 28    The summary judgment order did not prevent defendant from arguing plaintiff's contributory negligence at trial.  Other than a perceived taint on the jury's view of the parties' relative fault, defendant has pointed to nothing to demonstrate she was precluded from arguing that plaintiff was contributorily negligent.  Indeed, the trial court instructed the jury that it could apportion a percentage of the fault for his injuries to plaintiff himself.  Defendant asserts the trial court that granted the partial summary judgment did not construe the pleadings strictly against the movant as required.  We find that argument presumes the summary judgment foreclosed—or at least handicapped—defendant's ability to argue plaintiff's contributory negligence at trial, a claim we reject.

¶ 29    The only question remaining is whether the trial court's order violated section 2-1005(c) of the Code because, defendant argues, the trial court could only issue a partial summary judgment as to liability and not just defendant's negligence.  Section 2-1005 of the Code reads, in pertinent part, as follows:

> "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
>
> (d) Summary determination of major issues.  If the court determines that there is no genuine issue of material fact as to one or more of the major issues in the case, but that substantial controversy exists with respect to other major issues, or if a party moves for a summary determination of one or more, but less than all, of the major issues in the case, and the court finds that there is no genuine issue of material fact as to that issue or those issues, the court shall thereupon draw an order specifying the major issue or issues that appear without substantial controversy, and directing such further proceedings upon the remaining

undetermined issues as are just. Upon the trial of the case, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." 735 ILCS 5/2-1005(c), 2-1005(d) (West 2012).

¶ 30    Defendant's duty and breach of duty were major issues in the case that can be decided as a matter of law. See *Wrobel v. City of Chicago*, 318 Ill. App. 3d 390, 397 (2000) ("While the question of whether the City breached its duty to the plaintiffs is normally a factual one, it may properly be resolved by this court as a legal matter when the evidence, such as in this case, presents no genuine issue of material fact regarding that subject."). In this case, the trial court entered summary judgment on the issues of defendant's duty and her breach of that duty, but not on the issues of proximate cause or damages. The trial court was authorized to enter a judgment on whether defendant owed plaintiff a duty and whether she breached that duty and direct further proceedings on the issues of proximate cause and damages.

¶ 31    Defendant argues plaintiff cannot "go to the summary judgment well for liability, and pull up a half bucket of negligence." We find the fact that plaintiff moved for summary judgment on the issue of liability as opposed to negligence is not determinative. The trial court was authorized to make a determination that there was no genuine issue of material fact as to one or more of the major issues in the case on its own or if a party moved for a summary determination of "one or more, but less than all, of the major issues in the case." 735 ILCS 5/2-1005(d) (West 2012). The latter is precisely what plaintiff did here. Plaintiff moved for summary judgment on the issue of defendant's liability but not on the issue of damages. "A reviewing court may affirm a circuit court's grant of summary judgment on any basis supported by the record." *Edwards*, 2016 IL App (1st) 141595, ¶ 20. The trial court could determine there were no genuine issues of material fact as to defendant's duty and breach of duty (*Wrobel*, 318

Ill. App. 3d at 397), and direct further proceedings upon the remaining issues. We find no error in the trial court's order.

¶ 32    The order granting partial summary judgment is affirmed.

¶ 33                                    B. Discovery Violation

¶ 34    Next, defendant argues the trial court erred by allowing the entire amount of an "undisclosed" bill from Ingalls Memorial Hospital into evidence. When plaintiff initially responded to defendant's discovery request in September 2011, the response stated that the amount of the Ingalls bill was unknown. Defendant filed a motion *in limine* as stated, and on the eve of trial, plaintiff's counsel e-mailed copies of paid bills, including the Ingalls bill, to defendant's attorney. Plaintiff testified to the "full amount" of the bills plaintiff sent to defendant. On appeal, defendant argues plaintiff failed to disclose the amount of the Ingalls bill in the due course of discovery. Specifically, defendant complains plaintiff "did not supplement his answer to interrogatory 6(e) [regarding medical bills] until the day before jury selection was to begin." Defendant argues the trial court should have excluded these bills as a sanction for plaintiff's failure to supplement his discovery response.

¶ 35    Plaintiff responds defendant has forfeited objection to the alleged discovery violation because defendant did not object to the allegedly late disclosure. We agree. "A court's decision whether to admit evidence will only be disturbed if the court abused its discretion. [Citation.] A party must make a proper objection to preserve his or her argument that the court erred in admitting evidence. [Citation.] A specific objection only preserves the ground specified. [Citation.] Objections must also be timely." *In re Estate of Doyle*, 362 Ill. App. 3d 293, 302-03 (2005). "[T]he party wishing to exclude evidence has the burden to properly inform the trial judge as to the specific nature of its objection to the proffered testimony." *Fenton v. City of Chicago*, 2013 IL App (1st) 111596, ¶ 36.

¶ 36    Defendant asserts that when plaintiff testified to the amount of the bills, defense counsel objected.  Defendant's attorney stated only:  "I would reiterate my previous objection."  Previously, when, on the first day of trial, plaintiff's counsel informed the court plaintiff had e-mailed all of the paid medical bills to defendant the night before, defendant's attorney stated:  "Judge, that's not true.  They are not all paid, and let me just start with there are amounts indicated that are paid which I have no objection to those going back."  Defense counsel continued, stating he had no objection to the various amounts actually paid but there were balances that were not paid.  Specifically with regard to the Ingalls bill, defendant's attorney stated:  "With respect to the Ingalls Hospital records, there again they are referenced Medicare payments which, again, no objection to those amounts going to the jury.  However, the payments—there were adjustments that were made."  Defendant's attorney represented that plaintiff's e-mail indicated that there were bills that were written off by these providers that are referenced as adjustments on the bill.  Defense counsel argued "that's not evidence of payment of the bill, so in the absence of evidence of payment, they would need to have testimony with respect to those remaining balances to meet the foundational requirements."  The trial court ruled that it would allow the total amounts of the bills to go back.

¶ 37    What the defense actually objected to was the jury being told the total amount of the Ingalls bill.  At no time did counsel's colloquy with the trial court include an objection to the timeliness of plaintiff's supplement of his response to defendant's discovery request.  In reply to plaintiff's argument the issue is waived, defendant argues the trial judge never ruled on her motion to exclude bills that were not disclosed and never specifically ruled on the exclusion of the Ingalls bill during the trial.  Defendant complains the issue was next before the trial court as part of her motion for a new trial.

¶ 38    Plaintiff's counsel objected to defendant's motion *in limine* as to undisclosed medical bills on the grounds the motion was not directed to a specific piece of evidence. Plaintiff's counsel asked that ruling on the motion be reserved until it can be applied to a particular piece of evidence. The trial court ruled: "Well, not knowing what evidence there might be, I guess I would have to rule on specific things. As a general rule, I mean, it would be granted. I mean, nobody should be surprised on either side by evidence that hasn't been disclosed. That's the purpose of the Supreme Court Rules on discovery is to prevent surprise." Because defendant failed to obtain a ruling on her motion *in limine* to exclude undisclosed bills, or specifically the Ingalls bill, the issue is waived. "[A] party waives an objection where a ruling is not requested after the trial court fails to make one." *Shields Pork Plus, Inc. v. Swiss Valley Ag Service*, 329 Ill. App. 3d 305, 313 (2002).

¶ 39    Defendant's argument the trial court committed reversible error in admitting the Ingalls medical bill is waived.

¶ 40                              C. Admission of Medical Bills

¶ 41    Finally, defendant argues the trial court misapplied the law and abused its discretion when it admitted into evidence "satisfied" bills without a proper foundation. "The admission of evidence is within the sound discretion of the trial court and we will not reverse the court 'unless that discretion was clearly abused.' [Citation.]" *McHale v. W.D. Trucking, Inc.*, 2015 IL App (1st) 132625, ¶ 28.

¶ 42    At trial, defendant objected to amounts listed on plaintiff's medical bills as adjustments being admitted into evidence as if those amounts were paid. Defendant's position was that to admit the amounts of the bills that were adjusted and not actually paid by a collateral source, plaintiff must lay a proper foundation with testimony from a medical provider that the amounts were reasonable and necessary. Defendant argues plaintiff failed to lay a proper foundation for

the "satisfied" portions of the medical bills as required by *Wills v. Foster*, 229 Ill. 2d 393 (2008), and the trial court erred when it allowed a "satisfied" medical bill the same evidentiary status as a paid medical bill.

¶ 43    Defendant's argument is based on the collateral source rule. In Illinois, the rule is both a rule of evidence and a substantive rule of damages. *Id.* at 400. "As a rule of evidence, the rule prevents the jury from learning anything about collateral income. [Citation.] For instance, the rule prevents defendants from introducing any evidence that all or part of a plaintiff's losses have been covered by insurance." *Id.* "As a substantive rule of damages, the rule bars a defendant from reducing the plaintiff's compensatory award by the amount the plaintiff received from the collateral source." (Internal quotation marks omitted.) *Id.* (quoting *Arthur v. Catour*, 216 Ill. 2d 72, 80 (2005)). This court once followed the rule that a plaintiff cannot recover the value of free medical services. *Id.* at 397 (citing *Peterson v. Lou Bachrodt Chevrolet Co.*, 76 Ill. 2d 353 (1979)). Twenty-six years later, our supreme court revisited the collateral source rule and held that a "plaintiff was entitled to submit the full amount of her charged medical bills to the jury and was not limited to presenting the reduced rate actually paid by her private insurer." *Id.* at 402 (citing *Arthur*, 216 Ill. 2d 72). *Arthur*, however, did not reconcile itself with *Peterson*. *Id.* at 404. Our supreme court would rectify that situation in *Wills*.

¶ 44    To determine whether *Peterson* survived *Arthur* our supreme court had to determine what approach Illinois uses to determine "whether, pursuant to the collateral source rule, a plaintiff was entitled to recover his or her full billed medical expenses when the bill was later settled by a third party for a lesser amount." *Id.* Illinois follows the "reasonable-value approach" which states that the plaintiff may seek to recover the amount originally billed by the medical provider. *Id.* at 410.

"This view is in line with sections 924 and 920A of the Restatement, and courts often rely on these sections. As explained above, section 924 allows an injured plaintiff to recover reasonable medical expenses (Restatement (Second) of Torts §924, at 523 (1979)), and comment *f* explains that this is a recovery for value even if there is no liability or expense to the injured person (Restatement (Second) of Torts §924, Comment *f*, at 527 (1979))." (Emphasis omitted.) *Id.*

¶ 45    In Illinois, "the plaintiff may place the entire billed amount into evidence, provided that the plaintiff establishes the proper foundational requirements to show the bill's reasonableness." *Id.* at 414 (citing *Arthur*, 216 Ill. 2d at 81-83). "When evidence is admitted, through testimony or otherwise, that a medical bill was for treatment rendered and that the bill has been paid, the bill is *prima facie* reasonable." (Internal quotation marks omitted.) *Arthur*, 216 Ill. 2d at 82. If the bill has not been paid, a plaintiff "can establish reasonableness by introducing the testimony of a person having knowledge of the services rendered and the usual and customary charges for such services. Once the witness is shown to possess the requisite knowledge, the reasonableness requirement necessary for admission is satisfied if the witness testifies that the bills are fair and reasonable." (Internal quotation marks omitted.) *Id.* The court in *Wills* did not overrule or abrogate *Arthur*, and under *Arthur*, when medical bills are discounted, a "plaintiff cannot make a *prima facie* case of reasonableness based on the bill alone, because she cannot truthfully testify that the total billed amount has been paid. Instead, she must establish the reasonable cost by other means—just as she would have to do if the services had not yet been rendered, *e.g.*, in the case of required future surgery, or if the bill remained unpaid." *Id.* at 83.

¶ 46    Defendant in this case is not taking the same position as the defendant in *Wills*. In *Wills*, "[t]he position defendant took *** was not that the amounts billed were not reasonable, but that the written-off amount was not recoverable as damages as a matter of law." *Wills*, 229 Ill. 2d at

419-20. In *Wills*, the plaintiff did not produce a witness to testify that the total billed amount was reasonable, but the court found that was not necessary because the defendant in that case stipulated to the admission of the billed amounts and did not object to the question of their reasonableness. *Id.* at 419. In this case, defendant did not stipulate to the admission of the written-off amounts and did object to the question of their reasonableness. Specifically, defendant argued plaintiff would have to "have testimony with respect to those remaining balances to meet the foundational requirements." The foundational requirement for a medical bill is that it is reasonable. See *Arthur*, 216 Ill. 2d at 82.

¶ 47    "The circuit court abuses its discretion when its ruling on the admissibility of evidence rests on an error of law." *Aliano v. Sears, Roebuck & Co.*, 2015 IL App (1st) 143367, ¶ 29. The trial court admitted evidence of the total amount of the medical bills over defendant's objection even though the bills showed substantial portions had been written off and plaintiff did not call a witness with the requisite knowledge to testify the total bills were fair and reasonable. We note that although defendant's expert testified that the bills associated with the left knee replacement were reasonable and necessary, defendant's expert testified he had seen "the list of bills." It is uncertain whether defendant's expert was referring to the list of bills stating some amounts were unknown or if the bills the expert saw included all of the bills at issue. Moreover, plaintiff does not point to testimony by defendant's expert that the expert possessed knowledge of the usual and customary charges for such services (and our review of his evidence deposition reveals that he did not so testify). Defendant's expert's testimony is not sufficient to overcome the trial court's error. The trial court improperly admitted the written-off or settled portions of plaintiff's medical bills into evidence and the jury awarded damages based on the improperly admitted medical bills. We turn to the proper remedy for this error.

¶ 48    "A remittitur is an agreement by the plaintiff to relinquish, or remit, to the defendant that portion of the jury's verdict which constitutes excessive damages and to accept the sum which has been judicially determined to be properly recoverable damages. [Citation.]" (Internal quotation marks omitted.) *Drakeford v. University of Chicago Hospitals*, 2013 IL App (1st) 111366, ¶ 66. In this case, the properly recoverable damages for the reasonable expense of necessary medical care, treatment, and services were only the paid medical bills because plaintiff failed to provide a proper foundation for the written-off portion of the bills. The written-off or settled portions of the medical bills were improperly admitted into evidence and should not have been considered by the jury. The trial court has a duty to correct an excessive verdict and may do so by ordering a remittitur of a portion of the damages, with the plaintiff's consent. *Id.* ¶ 65. "The only alternative to a remittitur in a case where the verdict exceeds the damages properly proven [citations] *** is for the trial judge to order a new trial [citations]. [Citation.] A court does not have the authority to reduce the damages by entry of a remittitur if plaintiff objects or does not consent." (Internal quotation marks omitted.) *Peter J. Hartmann Co. v. Capitol Bank & Trust Co.*, 353 Ill. App. 3d 700, 711 (2004). If plaintiff does not consent to the remittitur the trial court is instructed to order a new trial solely on the issue of damages. See *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 254 (2006) ("Absent such consent, we order a new trial solely on the issue of damages.").

¶ 49    Finally, we note that plaintiff filed a notice of cross-appeal with respect to the trial court's rulings allowing the admission of certain medical bills and denying plaintiff's motion to bar defendant's expert. Plaintiff's notice of cross-appeal states it was tendered solely in the event this court grants defendant any relief. Plaintiff waived any claims on cross-appeal by failing to file a brief as appellee *and* cross-appellant or to raise any arguments in his appellee's brief in support of any claims by plaintiff for appellate relief.

¶ 50        CONCLUSION

¶ 51 For the foregoing reasons, the circuit court of Cook County's judgment is affirmed and the cause is remanded for entry of remittitur of the portion of the judgment for the written off or settled portions of the medical bills, on the condition plaintiff consents to the remittitur; in the absence of consent to the remittitur by plaintiff, the judgment is reversed and the cause is remanded for a new trial on the issue of damages only.

¶ 52 Affirmed in part, reversed in part, and remanded with instructions.