# Illinois Official Reports

## Appellate Court

---

**Pinske v. Allstate Property & Casualty Insurance Co., 2015 IL App (1st) 150537**

---

| | |
|---|---|
| Appellate Court Caption | MARK PINSKE, on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellant, v. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-15-0537 |
| Filed | October 27, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-11443; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | A.W. Block & Associates, of Chicago (Alvin W. Block, Jerome E. Boyle, and Rebecca R. Trayber, of counsel), for appellant.<br><br>Cozen O'Connor, of Chicago (Peter J. Valeta and Bryan J. Johnson, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion. |

**OPINION**

¶ 1    Mark Pinske, the plaintiff, filed a personal injury lawsuit against Lawrence White. Allstate Property and Casualty Insurance Company (Allstate) defended White in the lawsuit. The circuit court dismissed Pinske's complaint with prejudice because the parties agreed to resolve the matter through binding arbitration.

¶ 2    Subsequently, the parties entered into a binding mediation agreement which included a high-low agreement that limited the amount Pinske could recover. At the conclusion of the binding mediation, the mediator, Judge Michael Hogan (Ret.), entered an award in favor of Pinske on May 16, 2013, that triggered the maximum award, $100,000, of the high-low agreement. Pinske requested interest on the $100,000 award on August 12, 2013. Allstate paid the $100,000 but refused to pay interest on the award.

¶ 3    Pinske then filed a class action lawsuit against Allstate seeking interest on the award pursuant to section 2-1303 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1303 (West 2012)), arguing that Allstate did not timely issue the funds at the conclusion of the binding mediation. Allstate filed a section 2-619 motion to dismiss the complaint (735 ILCS 5/2-619(a)(9) (West 2012)), maintaining that the parties' binding mediation agreement included a high-low agreement which settled the matter and absolved Allstate of any liability to Pinske beyond the award entered by Judge Hogan. The circuit court granted Allstate's motion to dismiss and Pinske timely filed this appeal.

¶ 4    We find that the high-low agreement the parties entered into was a settlement agreement and that the $100,000 award was predetermined by the parties' agreement and was not determined after an actual adjudication. Because the $100,000 was not awarded after an actual adjudication, Allstate was not required to pay Pinske interest pursuant to section 2-1303 of the Code. Therefore, we hold that the circuit court did not err when it granted Allstate's section 2-619 motion to dismiss Pinske's complaint.

¶ 5                                           BACKGROUND

¶ 6    On January 9, 2009, Pinske was injured in an automobile accident by a vehicle driven by White, Allstate's insured. Pinske filed a personal injury lawsuit against White, and Allstate paid for and controlled White's defense pursuant to White's insurance policy with Allstate.

¶ 7    On November 26, 2012, the circuit court entered an order dismissing Pinske's complaint with prejudice "pursuant to the parties [*sic*] agreement to submit the matter to binding arbitration." The court further ordered that it would "retain jurisdiction over the matter to enforce the award of the arbitrator and adjudicate any liens."

¶ 8    Following dismissal of Pinske's complaint, the parties signed a binding mediation agreement with ADR Systems. The mediation agreement provided that the "Honorable Michael Hogan (Ret.) shall serve as the sole Mediator in this matter." It further provided that "the Mediator shall decide all issues concerning liability and damages arising from the dispute if this matter cannot be settled." (Emphasis omitted.)

¶ 9    Section III(F) of the mediation agreement, entitled "Award Limits," provided:

    "1. The Parties may agree prior to the Mediation that a minimum and maximum
    amount will serve as parameters for the Award (sometimes referred to as a 'high/low

agreement'), such that the actual amount that must be paid to the plaintiff or claimant shall not exceed a certain amount (the 'high' or 'maximum award') and shall not be less than a certain amount (the 'low' or 'minimum award').

\*\*\*

b. All award minimum and maximum parameters are subject to applicable set-offs if any, as governed by policy provisions if not specified in the Agreement.

The parties agree that for this Mediation the minimum award to Mark Pinske will be $50,000.00. Also, the maximum award to Mark Pinske will be $100,000.00. These amounts reflect the minimum and maximum amounts of money that Allstate insurance shall be liable to pay Mark Pinske."

¶ 10    Section IV of the mediation agreement was entitled "Effect of this Agreement" and provided:

"A. After the commencement of the Mediation, no Party shall be permitted to cancel this Agreement or the Mediation and the Mediator shall render a decision that shall be in accordance with the terms set forth in this Agreement. When the Award is rendered, the Mediation is resolved, and any Award arising from this Mediation shall operate as a bar and complete defense to any action or proceeding in any court or tribunal that may arise from the incident upon which the Mediation is based.

B. The Parties further agree that any pending litigation will be dismissed, with prejudice, as to those Parties participating in this Mediation upon the conclusion thereof. Any and all liens, including contractual rights of subrogation owed are subject to existing Illinois law. By agreement of the Parties, the Mediator's Award will be final and binding and not subject to appeal or motion for reconsideration by any Party."

¶ 11    On March 29, 2013, the parties engaged in mediation before Judge Hogan. Judge Hogan entered an award in the amount of $194,231 in favor of Pinske on May 16, 2013. This award triggered the maximum award in the high-low agreement and Allstate was only required to pay $100,000.

¶ 12    In a letter to Allstate's representative, Barbara Crawford, dated August 12, 2013, Rebecca Trayber, one of Pinske's attorneys, requested that Allstate issue checks to a list of lienholders and that it issue a check to Pinske with interest. Trayber noted that a "satisfaction" would be issued to Allstate upon receipt of payment.

¶ 13    The parties agree that Allstate issued settlement checks totaling $100,000 in accordance with the high-low agreement on August 23, 2013. On November 5, 2013, Allstate issued a letter to Trayber, stating, "As soon as your office instructed us on check payees and amounts, Allstate issued the $100,000. No interest is owed and will not be considered."

¶ 14    On July 11, 2014, Pinske filed a class action lawsuit seeking interest from Allstate on the May 16, 2013 award of $100,000 pursuant to section 2-1303 of the Code. 735 ILCS 5/2-1303 (West 2012). Section 2-1303 provides:

"Interest on judgment. Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to

the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." 735 ILCS 5/2-1303 (West 2012).

¶ 15    On September 12, 2014, Allstate filed a section 2-619(a)(9) motion to dismiss Pinske's class action complaint. 735 ILCS 5/2-619(a)(9) (West 2012). In support of the motion to dismiss, Tammy Sherman, Allstate's claims service leader, averred in an affidavit that "[o]n or about May 24, 2013, Allstate contacted Plaintiff's counsel, Rebecca Trayber, and requested specific information regarding the names of the entities to whom the settlement checks should be made payable and respective amounts of said checks." Sherman also averred in her affidavit that Allstate was "ready and able" to make payment at that time, but plaintiff's counsel required additional time to "negotiate the medical liens applicable to her client's recovery." On October 10, 2014, Pinske responded to Allstate's section 2-619 motion to dismiss with an affidavit from one of his attorneys, Jerome E. Boyle, who averred that Sherman had not accurately described her involvement in the case and that a deposition of Sherman or Barbara Crawford was necessary in order to respond to Allstate's motion. On December 5, 2014, Allstate filed a reply in support of its section 2-619 motion to dismiss. On January 23, 2015, the circuit court granted Allstate's motion to dismiss Pinske's complaint, and Pinske timely filed his notice of appeal on February 17, 2015.

¶ 16                                              ANALYSIS

¶ 17    A motion to dismiss under "section 2-619(a) (735 ILCS 5/2-619(a) (West 2000)) admits the legal sufficiency of the plaintiff's claim, but asserts certain defects or defenses outside the pleading that defeat the claim." *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party and grant the motion if the plaintiff can prove no set of facts that would support a cause of action. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 349 (2006). We review an order granting a section 2-619 motion to dismiss *de novo*. *Solaia*, 221 Ill. 2d at 579.

¶ 18    Initially, Pinske asks this court to reverse the circuit court's order that granted Allstate's section 2-619 motion to dismiss because Allstate's motion was improper as it denied the allegations of Pinske's complaint rather than offering some other affirmative matter outside of the pleading that defeated Pinske's claim. Pinske raises this argument for the first time on appeal. It is well settled in Illinois that "issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc*., 169 Ill. 2d 525, 536 (1996). We note that "waiver" and "forfeiture" are often used interchangeably, however they have distinct meanings. "Waiver" means the "voluntary relinquishment of a known right," and "forfeiture" means "the failure to make the timely assertion of the right." *People v. Blair*, 215 Ill. 2d 427, 444 n.2 (2005). We found no evidence in the record that Pinske intentionally relinquished or abandoned his right to raise this issue, so we find that he failed to timely raise this issue. *Blair*, 215 Ill. 2d at 444 n.2. Therefore, we find that Pinske forfeited this issue by not raising it in the circuit court.

¶ 19    However, waiver and forfeiture rules serve as an admonition to litigants rather than a limitation upon the jurisdiction of the reviewing court, and courts of review may sometimes override considerations of waiver and forfeiture in order to achieve a just result and maintain a sound and uniform body of precedent. *Daley v. License Appeal Comm'n*, 311 Ill. App. 3d 194, 200 (1999). Forfeiture aside, Pinske maintains that Allstate cannot rebut the allegations in Pinske's complaint by supplementing its section 2-619 motion with an affidavit.

¶ 20    We find that section 2-619 specifically provides that an affidavit can be used to support a section 2-619 motion:

> "(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (c) *** If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties ***." 735 ILCS 5/2-619(a), (c) (West 2012).

Therefore, after reviewing the Code, we hold that Allstate was permitted by section 2-619 of the Code to support its motion to dismiss with an affidavit. 735 ILCS 5/2-619(a), (c) (West 2012).

¶ 21    Pinske next argues that although the binding mediation agreement characterizes the proceeding as mediation, the parties actually entered into arbitration, that interest is properly awarded on an arbitration award, and that he should receive interest on his award in this case. Pinske also argues that the high-low agreement the parties entered into is not a settlement agreement, but merely a limit on the award.

¶ 22    We find that the issue before this court is whether the high-low agreement was a settlement agreement, and if so, whether interest, pursuant to section 2-1303 of the Code (735 ILCS 5/2-1303 (West 2012)), accrues on an award that is predetermined by a high-low agreement. Illinois courts have recognized that high-low agreements are settlement agreements. See *Garley v. Columbia LaGrange Hospital*, 377 Ill. App. 3d 678, 679-80 (2007); *Madalinski v. St. Alexius Medical Center*, 369 Ill. App. 3d 547, 550 (2006); *Wingo v. Rockford Memorial Hospital*, 292 Ill. App. 3d 896, 912 (1997). Courts from other states have also held that high-low agreements are settlement agreements. *Cunha v. Shapiro*, 837 N.Y.S.2d 160, 163-65 (N.Y. App. Div. 2007); *Thompson v. T.J. Whipple Construction Co.*, 985 A.2d 221, 224 (Pa. Super. Ct. 2009) ("Pennsylvania courts have long recognized high/low agreements as both contractual agreements and as a type of settlement."); *Employers Reinsurance Corp. v. Gordon*, 209 S.W.3d 913, 917 (Tex. App. 2006) (In which the court quoted Black's Law Dictionary and explained, "A high-low agreement is defined as '[a] settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the trial.' " (quoting Black's Law Dictionary 746 (11th ed. 2004))).

¶ 23    We find *Cunha*, 837 N.Y.S.2d at 163-65, a New York case with similar facts, instructive and persuasive. In that case, the New York Supreme Court held that a $325,000/$50,000 high-low agreement the parties entered into was a settlement. *Cunha*, 837 N.Y.S.2d at 163-65. The court reasoned:

"A high-low agreement, when initially reached by the parties in a litigation, is, in fact, a conditional settlement. The condition of the agreement is that the jury render a verdict that falls outside the range of the high-low agreement. When a verdict is rendered outside of the agreed-upon range, the condition is triggered and the 'high' or the 'low' becomes binding upon the parties as a settlement. By contrast, when a jury renders a verdict within the range of the high-low agreement, the condition is not met and the high-low agreement is rendered academic." *Cunha*, 837 N.Y.S.2d at 163.

Therefore, when the jury rendered a verdict outside of the range of the "high" limit of the agreement, the verdict was "supplanted by the parties' agreement that damages be paid in the sum of $325,000 instead. The $325,000 award was not determined by the jurors, but rather, by the parties themselves." *Cunha*, 837 N.Y.S.2d at 164.

¶ 24    Like *Cunha*, the parties in the present case entered into a settlement agreement that was triggered when Judge Hogan entered an award of $194,231 which was beyond the maximum award or high limit of the high-low agreement. The $100,000 award was not the amount awarded by Judge Hogan; instead, the parties' high-low agreement predetermined that $100,000 would be the maximum award. Therefore, we find that the high-low agreement the parties entered into was a settlement agreement. *Garley*, 377 Ill. App. 3d at 680; *Madalinski*, 369 Ill. App. 3d at 550; *Cunha*, 837 N.Y.S.2d at 164.

¶ 25    Next, we must determine whether interest is paid on an award predetermined by a high-low agreement. Section 2-1303 of the Code permits interest to accrue on a *judgment* that is entered on "any award, report or verdict." 735 ILCS 5/2-1303 (West 2012). Our supreme court held that in order for interest to accrue, "the sum in question must be the result of an actual adjudication *** as distinct from the parties' stipulation or settlement agreement." *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 300-01 (1993).

¶ 26    We find that Pinske's $100,000 award was predetermined by the parties' high-low agreement and was not an award based on an actual adjudication.

¶ 27    Therefore, we hold: (1) that the $100,000 award was predetermined by a high-low agreement entered into by the parties so it was a settlement agreement; (2) that section 2-1303 of the Code provides for interest to accrue on a judgment entered on an award after an adjudication; and (3) that the $100,000 award was predetermined by the parties' high-low agreement, and not by an actual adjudication, so Pinske is not entitled to interest on the $100,000 award. *Illinois State Toll Highway Authority*, 157 Ill. 2d at 300-01. Accordingly, the circuit court did not err when it granted Allstate's section 2-619 motion to dismiss Pinske's complaint.

¶ 28                                    CONCLUSION

¶ 29    Illinois courts and courts of other states hold that high-low agreements are settlement agreements. *Garley*, 377 Ill. App. 3d at 680; *Madalinski*, 369 Ill. App. 3d at 550; *Cunha*, 837 N.Y.S.2d at 163-65; *Thompson*, 985 A.2d at 224; *Employers Reinsurance Corp.*, 209 S.W.3d at 917. Interest accrues on judgments entered on awards after an actual adjudication, but does not accrue on awards that are predetermined by high-low agreements. *Illinois State Toll Highway Authority*, 157 Ill. 2d at 300-01. Therefore, because Pinske's award was predetermined by the parties' high-low agreement, Pinske was not entitled to interest on the $100,000 award. 735 ILCS 5/2-1303 (West 2012); *Illinois State Toll Highway Authority*, 157

Ill. 2d at 300-01; *Garley*, 377 Ill. App. 3d at 680; *Madalinski*, 369 Ill. App. 3d at 550; *Cunha*, 837 N.Y.S.2d at 163-65. Accordingly, we affirm the circuit court's order granting Allstate's section 2-619 motion to dismiss Pinske's complaint.

¶ 30 Affirmed.