# Illinois Official Reports

## Appellate Court

*Board of Education of the City of Chicago v. Illinois State Board of Education*,
2017 IL App (1st) 161147

| | |
|---|---|
| Appellate Court Caption | THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff-Appellee, v. THE ILLINOIS STATE BOARD OF EDUCATION, ANN KENIS, Hearing Officer, and FRANKIE HALL, Defendants (Frankie Hall, Defendant-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1147 |
| Filed | April 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-17108; the Hon. Mary Lane Mikva, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kurtis Hale, of Poltrock & Poltrock, of Chicago, for appellant.<br><br>Chicago Board of Education Law Department, of Chicago (Ronald L. Marmer and Anna R. Slater, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

¶ 1    The defendant, Frankie Hall, appeals from an order of the circuit court denying her motion for summary judgment and granting summary judgment in favor of the plaintiff, the Board of Education of the City of Chicago (Board), on the Board's complaint for declaratory judgment, which asked the circuit court to declare that a hearing officer's stay of the defendant's dismissal hearing was void because good cause to stay the hearing, as required by section 34-85(a)(5) of the School Code (105 ILCS 5/34-85(a)(5) (West 2012)), did not exist. For the reasons that follow, we affirm.

¶ 2    The following factual recitation is taken from the transcript, pleadings, and exhibits of record.

¶ 3    Hall is a tenured teacher in the employ of the Board. In June 2012, following an evaluation that determined that her teaching performance was unsatisfactory, Hall was ordered to participate in a remediation plan. She filed a grievance challenging the remediation plan in July 2012. The Board denied her grievance in January 2013 and rejected her demand for arbitration in February 2013.

¶ 4    On July 5, 2013, the Board approved dismissal charges against Hall on the basis that she failed to complete the remediation plan. The parties agreed that a hearing officer, approved by the Illinois State Board of Education (ISBE), would conduct a dismissal hearing on January 6, 2014. The dismissal hearing was rescheduled three times by agreement of the parties, set forth in e-mail exchanges included in the record—once, so that Hall's attorney could care for an ill relative and, twice on subsequent occasions, in order to accommodate settlement negotiations. Hall rejected a settlement offer and, on July 28, 2014, filed a motion to stay her dismissal hearing pending a final arbitration decision regarding her grievance from July 2012. In the motion, Hall's counsel asserted that she "recently restated" her request that the Board submit the grievance to arbitration.

¶ 5    On August 20, 2014, over the Board's objection, the hearing officer granted Hall's motion to stay the dismissal hearing. In her ruling, the hearing officer stated that the denial of Hall's motion would compel her to either withdraw the grievance or "proceed simultaneously in two forums," while granting the motion and resolving the grievance might obviate the grounds for the dismissal hearing and promote judicial economy without causing prejudice to either party. The hearing officer denied the Board's motion to reconsider, stating that the dismissal hearing had been stayed with "good cause."

¶ 6    On October 22, 2014, the Board filed a complaint for declaratory judgment in the circuit court, seeking a declaration that the hearing officer's stay of the dismissal hearing was void where good cause did not exist for granting the stay, as required by section 34-85(a)(5) of the School Code.[1] In its complaint, the Board relied upon the following statutory language:

"The hearing officer shall commence the hearing within 75 calendar days and conclude the hearing within 120 calendar days after being selected by the parties as the hearing officer, provided that these timelines may be modified upon the showing of good cause or mutual agreement of the parties. Good cause for the purposes of this

_____

[1]The ISBE and the hearing officer were named as defendants along with Hall but are not parties to this appeal.

paragraph (5) shall mean the illness or otherwise unavoidable emergency of the teacher, district representative, their legal representatives, the hearing officer, or an essential witness as indicated in each party's pre-hearing submission." 105 ILCS 5/34-85(a)(5) (West 2012).

¶ 7 The parties filed cross-motions for summary judgment. At a hearing on the motions on March 24, 2016, Hall's counsel argued that the Board "waived [its] right to a hearing" by not objecting to scheduling the hearing outside the statutory time limits. Additionally, Hall's counsel submitted that the hearing officer had "discretion as far as her interpretation under the [ISBE's] own administrative rules and procedures" to stay the dismissal hearing where the pending grievance proceeding constituted an "emergency situation," as the parties were still "waiting to see" if the Illinois Education Labor Relations Board would compel the Board to participate in arbitration. The Board, in response, argued that "[i]t could be years" before Hall's grievance would be resolved and maintained that the hearing officer lacked discretion "to end the hearing completely without ruling."

¶ 8 The circuit court denied Hall's motion for summary judgment and granted that of the Board. In its findings, the circuit court observed that section 34-85(a)(5) of the School Code permitted the hearing officer to stay the dismissal hearing based only upon the mutual agreement of the parties or upon a showing of good cause. The circuit court stated that the hearing officer's reasons for staying the dismissal hearing did not constitute good cause as defined in the statute, particularly where Hall had delayed prosecuting her grievance and the parties' agreements to stay the dismissal hearing were not "a wholesale waiver by the Board of [the statutory] time limits." This appeal followed.

¶ 9 On appeal, Hall contends that the circuit court erred in denying her motion for summary judgment and granting summary judgment in favor of the Board, where the hearing officer acted within her discretion in finding that the pending grievance proceeding constituted good cause for staying the dismissal hearing. The Board, in response, argues that the hearing officer lacked authority to stay the dismissal hearing where no grounds existed for finding good cause as defined in the School Code.

¶ 10 Generally, the circuit court's decision to grant or deny declaratory relief will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Emerald Casino, Inc. v. Illinois Gaming Board*, 346 Ill. App. 3d 18, 22-23 (2003). The instant appeal, however, arises from the circuit court's grant of summary judgment and, therefore, our review is *de novo*. *Id.* at 23. "Summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 34; 735 ILCS 5/2-1005(c) (West 2012). We may affirm a grant of summary judgment on any basis supported by the record. *Travelers Personal Insurance Co. v. Edwards*, 2016 IL App (1st) 141595, ¶ 20.

¶ 11 Section 34-85(a)(5) of the School Code provides that the ISBE "shall adopt rules so that each party has a fair opportunity to present its case and to ensure that the dismissal proceeding is concluded in an expeditious manner." 105 ILCS 5/34-85(a)(5) (West 2012). The ISBE's rules, in turn, provide that "pretrial motions may be filed and resolved prior to the [dismissal] hearing at the discretion of the hearing officer." 23 Ill. Adm. Code 51.55(f) (2012).

¶ 12 In this appeal, Hall does not argue that the hearing officer's reasons for staying the dismissal hearing constituted good cause per the express language of section 34-85(a)(5) of the

School Code but, rather, maintains that the statute and relevant rules granted the hearing officer discretion to find good cause under the circumstances of this case. It is well-established, however, that "[a]n administrative agency's powers are limited to those granted by the legislature and any action taken by an agency must be authorized specifically by statute." *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 16. Thus, to determine whether the hearing officer had discretion to stay the dismissal hearing in this case, we must construe the statutory language of section 34-85(a)(5) of the School Code, which sets forth the procedures by which hearing officers are to conduct dismissal hearings for tenured teachers. 105 ILCS 5/34-85(a)(5) (West 2012). In relevant part, section 34-85(a)(5) provides:

> "The hearing officer shall commence the hearing within 75 calendar days and conclude the hearing within 120 calendar days after being selected by the parties as the hearing officer, provided that these timelines may be modified upon the showing of good cause or mutual agreement of the parties. *Good cause for the purposes of this paragraph (5) shall mean the illness or otherwise unavoidable emergency of the teacher, district representative, their legal representatives, the hearing officer, or an essential witness as indicated in each party's pre-hearing submission.*" (Emphasis added.) *Id.*

¶ 13 The purpose of statutory interpretation is to determine the legislative intent, which is best indicated by the statutory language given its plain and ordinary meaning. *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. "Where a statute is ambiguous, however, courts will give substantial weight and deference to an interpretation by the agency charged with the administration and enforcement of the statute." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2014 IL App (1st) 132011, ¶ 20. When the legislature's intent is evident from the clear and unambiguous language of the statute, however, courts "will enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express." *In re A.A.*, 2015 IL 118605, ¶ 21. Statutory construction presents a question of law, which this court reviews *de novo*. *Pielet v. Pielet*, 2012 IL 112064, ¶ 30.

¶ 14 Construing the language of section 34-85(a)(5) of the School Code, we find that the statute unambiguously provides two bases on which a hearing officer may stay a dismissal hearing for good cause: (1) "the illness" or (2) "otherwise unavoidable emergency of the teacher, district representative, their legal representatives, the hearing officer, or an essential witness." 105 ILCS 5/34-85(a)(5) (West 2012). Regarding the first basis for granting a stay, "illness," the record does not reflect that any parties, attorneys, witnesses, or the hearing officer reported being ill. While Hall's counsel requested a stay of the dismissal hearing in order to care for an ill relative, that stay was effected by mutual agreement of the parties, who rescheduled the hearing. Consequently, illness did not provide good cause for the hearing officer to grant the stay at issue in this appeal.

¶ 15 Turning to the second basis for granting a stay, "unavoidable emergency," section 34-85(a)(5) does not define this term. Where a term is not defined in a statute, "[i]t is appropriate to use a dictionary to ascertain the meaning of an otherwise undefined word or phrase." *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 48. As defined in Black's Law Dictionary 636 (10th ed. 2014), an emergency is "[a] sudden and serious event or an unforeseen change in circumstances that calls for immediate action to avert, control, or remedy harm" or "[a]n urgent need for relief or help."

¶ 16    Applying the plain meaning of this term to the language of section 34-85(a)(5) of the School Code, we find that Hall's grievance proceeding was not an unavoidable emergency for purposes of the statute. The proceeding was neither sudden nor unforeseen but, rather, had been initiated by Hall in July 2012, one year before the Board approved dismissal charges against her and two years before she filed her motion to stay the dismissal hearing. The matter remained unresolved in March 2016, when Hall's attorney represented to the circuit court that the parties were still "waiting to see" whether the Board would be compelled to arbitrate the grievance. Based upon the foregoing, we find that the grievance proceeding did not constitute good cause for staying the dismissal hearing as required by the plain language of section 34-85(a)(5) of the School Code. As the hearing officer's discretion was limited to granting a stay for good cause, she lacked authority to grant the stay where good cause was lacking. See *Esposito*, 2015 IL 117443, ¶ 16 ("any action taken by an agency must be authorized specifically by statute"). Thus, the Board was entitled to judgment as a matter of law.

¶ 17    Hall argues, however, that the Board "repeatedly ignored [its] right to an expedited hearing" when it agreed to schedule the dismissal hearing outside the statutory time period, thereby implicitly waiving its right to object to future stays of the dismissal hearing. This argument lacks merit. Section 34-85(a)(5) of the School Code allows the statutory time period for conducting a dismissal hearing to be extended "upon *** mutual agreement of the parties." 105 ILCS 5/34-85(a)(5) (West 2012). The record indicates that the parties agreed to reschedule the dismissal hearing on three occasions—once, so that Hall's attorney could care for an ill relative and, twice on subsequent occasions, in order to accommodate settlement negotiations. These discrete agreements for staying and rescheduling the dismissal hearing, expressly set forth in e-mails between the parties, do not support an inference that the Board implicitly intended to waive all future objections to staying the hearing or that the Board's conduct misled Hall " 'into a reasonable belief that a waiver has occurred.' " *Northwest Diversified, Inc. v. Desai*, 353 Ill. App. 3d 378, 399-400 (2004) (quoting *Batterman v. Consumers Illinois Water Co.*, 261 Ill. App. 3d 319, 321 (1994)). Thus, as a matter of law, the Board did not waive its right to object to future extensions of the statutory time period for the dismissal hearing.

¶ 18    For the foregoing reasons, we affirm the order of the circuit court, which granted summary judgment in favor of the Board on its complaint for declaratory judgment.

¶ 19    Affirmed.