2021 IL App (1st) 210228-U

SECOND DIVISION
December 21, 2021

1-21-0228

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|    Plaintiff-Appellee, | ) |
| | ) |
|    v. | ) Appeal from the |
| | ) Circuit Court of |
| ELTON X. TINSLEY, M.D., Individually and as | ) Cook County. |
| Agent of RITA PHILLIPS and as Agent of | ) |
| FLAWLESS SERVICE CORPORATION; RITA | ) No. 20 L 7196 |
| PHILLIPS, Individually and as Agent of FLAWLESS | ) |
| SERVICE CORPORATION; FLAWLESS SERVICE | ) Honorable |
| CORPORATION f/k/a TINSLEY AND | ) Karen O'Malley, |
| ASSOCIATES INC.; CELL TO CELL | ) Judge Presiding. |
| TECHNOLOGIES LLC; and FLAWLESS CENTER | ) |
| FOR COSMETIC MEDICINE, | ) |
| | ) |
|    Defendants-Appellants. | ) |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1     *Held:* We affirm the order of the circuit court allowing plaintiff to proceed under a pseudonym and we remand the cause for further proceedings.

¶ 2     Plaintiff, identifying herself as Jane Doe, commenced this action against defendants, cosmetic surgeon Dr. Elton X. Tinsley and his employers, under the Gender Violence Act and

for fraud and deceit, breach of fiduciary duty, and defamation. Plaintiff then filed a motion for leave to proceed anonymously as Jane Doe. Following a hearing, the trial court granted plaintiff's motion.

¶ 3 In this interlocutory appeal, defendants contend the trial court abused its discretion in finding that plaintiff showed good cause to proceed under a pseudonym and as to all counts in the complaint. Defendants also contend the trial court erred in finding plaintiff did not waive the right to sue under a pseudonym based on other litigation filed in her name.

¶ 4 For the following reasons, we affirm the trial court's order granting plaintiff leave to proceed as Jane Doe in this litigation.

¶ 5 BACKGROUND

¶ 6 On July 7, 2020, plaintiff filed a complaint against defendants alleging a statutory cause of action under the Gender Violence Act (740 ILCS 82/1 *et seq.* (West 2018)) and for fraud and deceit, breach of fiduciary duty, and defamation. According to plaintiff, on four occasions, the defendant doctor drugged her and then engaged in nonconsensual sex with her, which resulted in her pregnancy and birth of a son. Plaintiff expressly alleged facts common to all counts to support the related causes of action.

¶ 7 Defendants moved to dismiss the complaint because plaintiff filed anonymously without seeking leave of court and without demonstrating good cause as required under section 2-401(e) of the Code of Civil Procedure (735 ILCS 5/2-401(e) (West 2018)).

¶ 8 Plaintiff subsequently filed a motion for leave to proceed anonymously under section 2-401(e). Citing *Doe v. Doe*, 282 Ill. App. 3d 1078 (1996), plaintiff alleged she has a compelling interest as a victim of a sexual assault to proceed anonymously and that interest outweighs the

public's interest in open court proceedings. Plaintiff also alleged the child's privacy interests should be protected by allowing plaintiff to proceed anonymously in this litigation.

¶ 9        Defendants subsequently withdrew their motion to dismiss plaintiff's complaint. Defendants then filed a response to plaintiff's motion for leave to proceed anonymously. Defendants argued the motion was procedurally improper and substantively unwarranted. Defendants also argued that plaintiff waived any right to proceed anonymously by pursuing a parentage action and orders of protection using her name and the child's name.

¶ 10       At the hearing on plaintiff's motion for leave to proceed anonymously, plaintiff argued for the "special protection" of her identity "given the nature of sexual assault that occurred." Defendants acknowledged there are exceptional circumstances where a person's right to privacy outweighs the public's right to know about court proceedings. Although defendants claimed that plaintiff disclosed her identity in other litigation including petitions for orders of protection, defendants conceded there were no allegations of rape in those filings. Rather, plaintiff's allegation of sexual assault was raised in a complaint she filed with a state licensing agency, but plaintiff did not file that complaint in her own name. Defendants, nevertheless, challenged plaintiff's general allegation that victims of sexual abuse are entitled to Jane Doe status. Defendants also pointed out section 2-401(e) governs a *party's* use of a fictitious name and that the child is not a party to this litigation.

¶ 11       The trial court allowed plaintiff to proceed under the pseudonym Jane Doe. In doing so, the court observed that a determination of good cause depends on whether plaintiff has a right to privacy that outweighs the public's right to know about court proceedings: "I'm aware of the right of the public to know the scope and nature of litigations, I weigh that against the plaintiff's right to privacy here." The court recognized different factors play a role in that determination,

including whether plaintiff's identity has been disclosed to the public. The court did not discuss any other factors but found that plaintiff has a compelling interest that meets the requirements of section 401(e) as interpreted by *Doe v. Doe* and subsequent authority.

¶ 12    Defendants filed this interlocutory appeal under Illinois Supreme Court Rule 307(a)(1) (eff. Feb. 26, 2010).

¶ 13                                     ANALYSIS

¶ 14    Defendants contend the trial court abused its discretion in finding plaintiff demonstrated good cause to proceed under a pseudonym. They argue plaintiff failed to meet her burden of showing a "protectible privacy interest that outweighs the constitutional mandate of open court proceedings." According to defendants, neither plaintiff's allegation of sexual assault, nor the privacy interest of the child are sufficient to establish good cause to proceed anonymously. Defendants also claim plaintiff waived the right to proceed anonymously because plaintiff's identity is already in the public domain based on her litigious history. Finally, defendants argue the trial court abused its discretion by allowing plaintiff to proceed anonymously on the counts for fraud, breach of duty, and defamation because those allegations have nothing to do with the sexual assault allegation. The parties agree the trial court's order allowing a party to proceed anonymously is reviewed under the abuse of discretion standard. *Doe v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 36.

¶ 15                            Good Cause under Section 2-401(e)

¶ 16    Suing or defending under a pseudonym is disfavored because the identity of the parties is related to the public nature of civil judicial proceedings. *A.P. v. M.E.E.*, 354 Ill. App. 3d 989, 1003 (2004) (citing *Coe v. County of Cook*, 162 F.3d 491, 498 (7th Cir. 1998) and *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). There is a

presumption of openness in judicial proceedings. *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 51 (citing *Doe v. Doe*, 282 Ill. App. 3d 1078, 1084 (1996)).

¶ 17        For that reason, a party must set forth the names of all parties for and against whom relief is sought in the pleading. 735 ILCS 5/2-401(c) (West 2018). There are exceptions, however. Section 2-401(e) of the Code of Civil Procedure provides that parties may appear under fictitious names upon application and for good cause shown. 735 ILCS 5/2-401(e) (West 2018). Whether a plaintiff's particular situation is "exceptional" must be made on a case-by-case basis. *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 44. The fundamental question is whether the moving party has shown a privacy interest that outweighs the public's interest in open judicial proceedings. *Doe*, 282 Ill. App. 3d at 1088. We will not reverse the trial court's determination of good cause absent an abuse of discretion. *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 36.

¶ 18        However, section 2-401(e) does not define "good cause." *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 39. Before *Doe v. Doe*, 282 Ill. App. 3d 1078 (1996), no Illinois decision had considered the issue. *Id.* The appellate court in *Doe* looked to nationwide cases where anonymity was granted to a party and observed those cases concerned "exceptional" situations in which the party has shown a privacy interest that outweighs the public's interest in open judicial proceedings. *Doe*, 282 Ill. App. 3d at 1088. Subsequent Illinois decisions have followed that approach.

¶ 19        In *Doe v. Doe*, 282 Ill. App. 3d at 1082, the appellate court considered whether alleged potential harm to the defendant's family and reputation constitutes "good cause" to require *both* parties to litigate under fictitious names over the plaintiff's objection. The plaintiff filed a

complaint against the defendant, who was her uncle by marriage, and alleged he sexually molested her when she was a minor. *Doe*, 282 Ill. App. 3d at 1079-80. The plaintiff identified herself as Jane Doe and her uncle as John Doe. *Id.* at 1080. The defendant filed an *ex parte* motion to prohibit the plaintiff from disclosing his name in any pleadings filed in the litigation or filing any other action in which the defendant's identity is disclosed. *Id.* The defendant argued disclosure would cause embarrassment, humiliation, and detriment to his reputation in the community and profession and would cause severe damage to his wife and children. *Id.* After the trial court granted the defendant's motion, the plaintiff unsuccessfully moved to vacate the court's ruling. *Id.*

¶ 20       On interlocutory appeal, the plaintiff argued the potential damage to the defendant's reputation and the alleged harm to his family were insufficient reasons for prohibiting her from disclosing her name or the defendant's identity. *Doe*, 282 Ill. App. 3d at 1081. Given the lack of a statutory definition of "good cause," the appellate court looked at cases nationwide discussing the conditions under which party anonymity is usually allowed. *Id.* at 1088. Those cases describe "exceptional" situations involving matters of a "highly personal" nature such as abortion, adoption, sexual orientation, and religion. *Id.* By contrast, the appellate court did not see the case before it as an exceptional situation. *Id.* The appellate court declined to say that potential damage to the defendant's professional or personal reputation amounts to a protectible privacy interest. *Id.* Accordingly, the appellate court found the trial court abused its discretion in prohibiting the plaintiff from *disclosing* her name or the defendant's name in the litigation. *Id.* at 1089. It bears noting it was the alleged perpetrator of sexual molestation who sought to proceed anonymously, not the sexual assault victim.

¶ 21    Since *Doe*, the appellate court revisited the meaning of "good cause" under section 2-401(e) in *Doe v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212. In that case, the appellate court agreed with the trial court's determination that the plaintiffs demonstrated good cause to appear under fictitious names. *Id.* ¶ 42. The defendants stored the plaintiffs' semen or testicular tissue inside their cryogenic tanks, which failed and resulted in the loss of the plaintiffs' samples. *Id.* ¶ 3. The plaintiffs individually moved to appear under fictitious names. *Id.* ¶ 8. They alleged their interest in proceeding anonymously outweighs any public interest in their names. *Id.* As grounds, they cited the sensitive medical conditions and treatment underlying the storage of their biological samples. *Id.* ¶¶ 8-9. The trial court granted plaintiffs leave to appear under fictitious names (*id.* ¶ 6), and the defendants unsuccessfully moved to dismiss the trial court's ruling (*id.* ¶¶ 22-24).

¶ 22    On interlocutory appeal, the defendants argued that no reported decision in Illinois recognizes a party's reproductive health or a party's underlying medical condition as good cause to proceed anonymously under section 2-401(e). *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 38. The appellate court disagreed. *Id.* ¶ 42. The appellate court noted federal caselaw stating, " 'the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.' " *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). Yet the appellate court imagined few situations "more devastating, more highly personal and more entitled to privacy" than the plaintiffs' "most basic human right, to have a biological child," which was destroyed by the failure of the defendants' cryogenic tanks. *Id.* The appellate court explained it was not the plaintiffs'

allegations of serious injury that warranted their appearance under fictitious names but the exceptional circumstances underlying those allegations. *Id.* ¶ 43.

¶ 23    In finding the trial court did not abuse its discretion in allowing the plaintiffs to proceed under fictitious names, the appellate court reasoned:

"This is an exceptional situation, where plaintiffs facing grave health issues utilized the defendants' services to preserve their ability to reproduce with the intention that this would be done with their privacy maintained. The implicit details of the procedures involved in the plaintiffs' commitment to this process are highly personal in nature, including, in addition to the particular disease that led them to participate in the process, the steps necessary to obtain the semen and testicular tissues as well as the procedures necessary to achieve the later reproduction. These highly personal matters were never intended to see the light of publicity and defendants' alleged failure to adequately protect this biological material did not change that fact." *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 44.

¶ 24    Here, the parties recognized that "good cause" demands exceptional circumstances where a person's right to privacy outweighs the public's right to know about court proceedings, and the trial court recognized it may consider different factors in assessing whether plaintiff established good cause to file anonymously. In finding plaintiff showed good cause, the trial court considered her allegation of sexual assault, the absence of any indication her identity has been disclosed to the public, and the public's right to know about the court proceedings.

¶ 25    The Seventh Circuit has recognized that allegations of sexual assault are "highly sensitive, personal matters that involve the disclosure of information of the utmost intimacy." *Doe v. Cook County, Illinois*, ___ F. Supp. 3d ___ (2021), No. 1:20-CV-5832, at *4 (N.D. Ill.

June 3, 2021); accord *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (the Seventh Circuit has recognized that sexual assault victims are a prime example of those entitled to a grant of anonymity). Even so, a sexual assault allegation, alone, is not dispositive. See *id.* at *5 (and cases cited therein) ("an allegation of sexual assault alone does not end the inquiry"). Other factors must be considered when balancing a person's right to privacy with the public's right to know. See *id.*; see also *Doe v. Skyline Automobiles, Inc.*, 375 F. Supp. 3d 401, 405-06 (S.D.N.Y. 2019) ("other factors must be taken into consideration and analyzed in comparison to the public's interest and the interests of the opposing parties").

¶ 26 However, the Seventh Circuit has not established a specific test for determining whether a person may proceed under a pseudonym. *Cook County, Illinois*, ___ F. Supp. 3d ___ (2021), No. 1:20-CV-5832, at *3. The Seventh Circuit has nevertheless recognized various non-exhaustive factors considered by other courts including: (1) whether the case involves a highly sensitive personal matter; (2) whether the movant would suffer harassment, ridicule, or embarrassment; (3) whether there is a risk of prejudice to the opposing party; (4) whether the movant's identity has already been disclosed to the public; and (5) whether the opposing party is a governmental entity or private individual. *Id.* (and cases cited therein).

¶ 27 This case involves an exceptional situation. Plaintiff alleges her own doctor drugged and sexually assaulted her. Plaintiff alleges she became pregnant and gave birth to a child because of the attack by defendant doctor. The implicit details underlying plaintiff's allegations are deeply personal and highly sensitive facts, which we conclude satisfy the good cause requirement of section 2-401(e). See *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 44.

¶ 28 Defendants maintain that plaintiff has not identified any case under the Gender Violence Act where a plaintiff was permitted to proceed anonymously. However, defendants have likewise

not identified any case under the Gender Violence Act where a court denied a victim of sexual assault permission to file a private cause of action under a pseudonym against the perpetrator. We decline to be the first. An abuse of discretion occurs when " 'the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court.' " *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009) (quoting *People v. Hall*, 195 Ill. 2d 1, 20 (2000)). Here, we cannot say no reasonable person would allow plaintiff to proceed anonymously based on this exceptional situation. Therefore, we find no abuse of discretion by the trial court.

¶ 29                                Waiver of Right to Proceed Anonymously

¶ 30        Defendants also argue that plaintiff waived the right to proceed anonymously because she filed petitions for orders of protection against the defendant doctor in a parentage action. Defendants claim these filings are public and show there was a sexual relationship between plaintiff and defendant doctor; hence, plaintiff's right to proceed anonymously is defeated.

¶ 31        "Waiver" is the "voluntary relinquishment of a known right." *Pinske v. Allstate Property and Casualty Insurance Co.*, 2015 IL App (1st) 150537, ¶ 18. By contrast, "forfeiture" is "the failure to make the timely assertion of the right." *Id.* Waiver and forfeiture are limitations upon the parties and not the reviewing court. *Id.* ¶ 19. Whether plaintiff's filing of petitions for orders of protection in other litigation constitutes a waiver of her right to proceed anonymously presents a legal question subject to *de novo* review. See *Midland Funding LLC v. Hilliker*, 2016 IL App (5th) 160038, ¶ 26 (whether Midland's participation in the litigation constituted a waiver of the right to arbitrate is a legal question subject to *de novo* review).

¶ 32        Here, defendants claimed at the hearing on plaintiff's motion to proceed anonymously that plaintiff disclosed her identity in other litigation including petitions for orders of protection.

However, defendants conceded there were no allegations of rape in those filings. Instead, plaintiff's allegation of sexual assault was raised in a complaint she filed with a state licensing agency, but plaintiff did not file that complaint in her own name. Plaintiff's filings in other litigation do not support an inference that she implicitly waived the right to proceed anonymously in this case; thus, as a matter of law, we conclude plaintiff did not waive the right to proceed under a pseudonym. See *Board of Education of City of Chicago v. Illinois State Board of Education*, 2017 IL App (1st) 161147, ¶ 17 ("as a matter of law, the Board did not waive its right to object to future extensions of the statutory time period for the dismissal hearing.").

¶ 33                    Allowing Plaintiff to Proceed Anonymously on All Counts

¶ 34        Defendants argue the trial court abused its discretion by allowing plaintiff to proceed anonymously on the counts for fraud, breach of duty, and defamation because those allegations have no connection with the sexual assault allegation. Defendants made this "argument in the alternative" at the hearing on plaintiff's motion for leave to proceed anonymously, which preserved the issue for appeal. See *People v. Norris*, 8 Ill. App. 3d 931, 935 (1972) (defense counsel orally presented the issue at the hearing on the posttrial motion and the trial court heard arguments of the parties). As the hearing transcript confirms, defendants characterized this argument as their "fallback position," and plaintiff asserted, "The additional counts in the complaint do arise out of the fiduciary duty."

¶ 35        Although defendants frame the issue as an abuse of discretion, they cite section 2-603(b) of the Code of Civil Procedure, which requires each separate cause be stated in a separate count (735 ILCS 5/2-603(b) (West 2018)), and they note "[t]he sufficiency of each count in the ultimate resolution of a claim for relief is a separate *legal* question," which we review *de novo*. (*Fort v. Smith*, 85 Ill. App. 3d 479, 482 (1980) (emphasis added)). Under either standard, the

11

result would be the same. See, *e.g.*, *Capstone Financial Advisors, Inc. v. Plywaczynski*, 2015 IL App (2d) 150957, ¶ 7 ("While we can imagine similar scenarios where these two standards might be in tension, we need not address the issue as the result under either standard would be the same here.").

¶ 36    In addition to the pleading requirement of section 2-603(b), section 2-613(a) of the Code of Civil Procedure permits a party to "plead as many causes of action" (735 ILCS 5/2-613(a) (West 2018)). Moreover, section 2-613(b) allows a party to state alternative causes of action "regardless of consistency." 735 ILCS 5/2-613(b) (West 2018). Plaintiff has satisfied these pleading requirements with respect to her complaint against defendants. See *Mueller by Math v. Community Consolidated School District 54*, 287 Ill. App. 3d 337, 341 (1997) ("plaintiff's complaint plainly and clearly attempts to allege four different causes of action").

¶ 37    In her complaint, plaintiff expressly alleged facts underlying the sexual assault that are common to all counts to support the related causes of action. The Gender Violence Act provides victims of sexual assault "with a private cause of action against those who personally committed the acts of gender-related violence *and* against those who encouraged or assisted the acts of gender-related violence." (Emphasis added.) *Doe v. University of Chicago*, 404 Ill. App. 3d 1006, 1008-09 (2010) (citing 740 ILCS 82/5, 10 (West 2004)).

¶ 38    Although the facts regarding plaintiff's sexual assault are common to the counts for fraud and breach of duty against the defendant employer, defendants maintain the trial court erred in allowing plaintiff to proceed anonymously on the defamation count, which does not concern the sexual assault. Critically, defendants cite no authority to support their proposition that "[i]f a plaintiff brings *any* claim that does not justify anonymous pleading, then an application under Section 2-401(e) must be denied as to the *entire* complaint." Both coherent argument and citation

to relevant authority are required of defendants as appellants under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). See *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010). We thus find defendants have forfeited review of this claim. See, *e.g.*, *State by Raoul v. Hitachi, Ltd.*, 2021 IL App (1st) 200176, ¶ 49.

¶ 39 Forfeiture aside, defendants' claim is without merit. Defendants conflate pleading requirements for complaints with the requirement that plaintiff, "upon application," show good cause to appear under a pseudonym. A trial court determines whether a moving party showed good cause under section 2-401(e) on a case-by-case basis, not a count-by-count basis. See *Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 44 (whether the movant's particular situation is "exceptional" must be made on a case-by-case basis). Although defendants claim that plaintiff should bring a separate action for any counts unrelated to the alleged sexual assault, we see no support for that proposition. Moreover, although an abuse of discretion has been found where the trial court sealed the entire court files and "not every document contained in the record *** was continually and intimately linked to minors' privacy, confidential business plans, or private financial information," this is not the case here. See *A.P.*, 354 Ill. App. 3d at 997-98. We conclude the trial court did not abuse its discretion in granting plaintiff Jane Doe status as to her entire complaint.

¶ 40 CONCLUSION

¶ 41 For the reasons stated, we affirm the order of the circuit court of Cook County and remand the cause for further proceedings.

¶ 42 Affirmed; cause remanded for further proceedings.